# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND KASAK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 C 5119 |
| | ) | |
| v. | ) | Magistrate Judge Morton Denlow |
| | ) | |
| VILLAGE OF BEDFORD PARK and | ) | |
| LEO J. DuBOIS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion by plaintiff Raymond Kasak ("Plaintiff" or "Kasak") for leave to file his second amended complaint. Plaintiff seeks to include additional background allegations to his political retaliation claim (Count I) and also asks permission to add two new counts-one for a due process violation against Defendant Village of Bedford Park ("Bedford Park") (Count II) and a count against Defendant Leo J. DuBois ("Chief DuBois") and Bedford Park (collectively, "Defendants") for violation of an Illinois state statute limiting the disciplinary authority of a municipality (Count III). During briefing on the motion, Plaintiff decided to withdraw proposed Count III. For the reasons set forth below, the Court grants Plaintiff's motion for leave to file a second amended complaint consisting of Counts I and II and strikes proposed Count III.

## I. BACKGROUND FACTS

Kasak has been a police officer in the Village of Bedford Park for 23 years. For 18 of those years he served as the supervisor of the Juvenile Division of the Bedford Park Police Department. Chief DuBois brought a series of charges against Kasak in January 2006. Later, in March 2006, Kasak was double demoted from Lieutenant to Patrol Officer following an administrative hearing by the Village Board. This double demotion serves as the basis for Kasak's suit.

## II. PROCEDURAL HISTORY

Plaintiff's original complaint filed in September 2006 asserted three retaliation counts against Defendants for 1) union-related speech and activity; 2) politically related speech and association; and 3) exercise of freedom of speech. Plaintiff filed his First Amended Complaint at Law on June 8, 2007.

Defendants responded to the First Amended Complaint with motions to dismiss Counts I and III and answers to Count II. On September 18, 2007, the Court granted motions to dismiss Counts I and III leaving only Count II for retaliation against political speech and association remaining. *Kasak v. Vill. of Bedford Park,* 514 F. Supp. 2d 1071 (N.D. Ill. 2007).

The Court set a discovery cut-off date of December 31, 2007. The parties substantially complied with the exception of Village Board Trustee Robert Regep's ("Regep") deposition, which was taken in early January 2008. During that deposition, Regep explained that the Village Board had decided to double-demote Plaintiff well in advance of the administrative hearing before the Board. The Board directed Chief DuBois to draw up the charges against

2

Plaintiff which were then presented to the Board for hearing.

The parties appeared before the Court for status on January 10, 2008 at which time Defendants informed the Court of their intent to file motions for summary judgment as to Count II of the First Amended Complaint for political retaliation. At the same time, Plaintiff advised the Court that he intended to file a motion for leave to file a second amended complaint citing new information that was discovered in the Regep deposition. The Court ordered the parties to file their respective motions on or before February 21, 2008. On February 18, 2008, Plaintiff filed his motion for leave to file a second amended complaint. The following day Defendants filed motions for summary judgment on the political retaliation count.

Plaintiff's Second Amended Complaint contains additional factual allegations in support of Count I for political retaliation (originally Count II in the First Amended Complaint) as well as counts for two new causes of action-Count II against Bedford Park only for violation of due process rights, and Count III against Bedford Park and Chief DuBois for violation of Illinois Statute 65 ILCS 5/10-2.1-17. The additional allegations in Count I contain only background information. As a result, Defendants do not dispute that it does not impact the briefing for their summary judgment motion.

After Defendants' briefing on the issue and oral argument, Defendants do not object to Count I and Plaintiff has voluntarily withdrawn Count III. Therefore, the Court only addresses the proposed new cause of action in Count II.

**III. LEGAL STANDARD ON MOTION FOR LEAVE TO AMEND COMPLAINT**

After a responsive pleading is served a party may amend only by leave of court or by

3

written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* The rule, however, does not require that leave be granted in every case. *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). "In particular, a district court may deny a plaintiff leave to amend his complaint if 'there is undue delay, bad faith,'" dilatory motive, or if the amendment is futile, or will result in undue prejudice to the opposing party. *Id.* at 612.

An amendment is futile if it reasserts a claim previously determined, merely restates the facts from the original complaint using different language, fails to state a valid theory of liability, or could not withstand a motion to dismiss. *Bower v. Jones,* 978 F.2d 1004, 1008 (7th Cir. 1992). Moreover, undue delay alone may not be sufficient to deny leave to amend a complaint. Instead, "the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar the filing." *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 928 (7th Cir. 1999).

## IV. DISCUSSION

Plaintiff seeks to include a new cause of action in his second amended complaint. Count II is a due process claim against Bedford Park. It alleges that the full administrative hearing before the Bedford Park Board of Trustees in March 2006 was a sham because the Board had already made a decision with regard to the charges and the resulting punishment against Plaintiff when it ordered Chief DuBois to author a January 23, 2006 document detailing the charges and the approved disciplinary measure. Sec. Am. Compl., ¶92. The due process count also alleges that the hearing was a sham because the Board failed to

4

consider evidence of disparate disciplinary measures for similarly situated police officers and because the Board did not reduce the Plaintiff's discipline despite the fact that two charges had been dropped since the original January document was approved. Sec. Am. Compl., ¶93.

Bedford Park opposes the amendment arguing futility because the claim fails to plausibly suggest a federal cause of action, particularly because adequate state court remedies were available to Plaintiff. Additionally, Bedford Park argues that the request is untimely.

A.  **FUTILITY - SURVIVING A MOTION TO DISMISS**

An amendment is futile if it would not survive a motion to dismiss. *See Bower v. Jones,* 978 F.2d at 1008. Under Rule 12(b)(6), to survive a motion to dismiss for failure to state a claim upon which relief may be granted, the complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Concentra*, 496 F.3d at 776 (quoting *Bell Atl. Corp. v. Twombly*, ---- U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007)). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65. Additionally, the complaint "must plausibly suggest that the [plaintiff] has a right to relief [by providing allegations that raise a right to relief] above a 'speculative level.'" *Concentra*, 496 F.3d at 776 (quoting *Twombly*, 127 S. Ct. at

5

1965). If the allegations do not suggest such a right to relief, "the plaintiff pleads itself out of court." *Id.*

### 1. Plaintiff has stated a plausible claim for relief.

There is a "presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin,* 421 U.S. 35, 47 (1975). To establish actual bias, a plaintiff must plead more than the involvement of the board prior to the administrative hearing. However, a plaintiff who can introduce evidence that a decision has already been made and that the procedures used to investigate the charges are a sham is entitled to go forward with a procedural due process claim. *See Levenstein v. Salafsky,* 164 F.3d 345, 351-52 (7th Cir. 1998). Plaintiff has sufficiently alleged facts and presented supporting evidence to state such a claim.

Plaintiff alleges in the second amended complaint that "the full administrative hearing . . . was a sham in that the Board had already made its decision with regard to the double demotion before hearing any of the evidence when it ordered Chief DuBois to author the January 23, 2006 document detailing the three charges and resulting discipline which had been approved by the Board." Pl. Sec. Am. Comp., ¶ 92. Trustee Regep's deposition testimony supports Plaintiff's claims. Regep Dep., at 107 & 112 (confirming that "prior to the time that the document was drafted and prepared by Chief DuBois, the board instructed Chief DuBois to bring charges against Mr. Kasak recommending double demotion," and that it was the Board's decision to double demote Plaintiff, not Chief DuBois). Although additional

6

evidence might come out later during discovery or at trial to indicate otherwise, at this stage, Plaintiff has stated a plausible claim for relief.

> **2. Because Plaintiff's evidence supporting his procedural due process claim was just recently discovered, Plaintiff is not required to have exhausted state court remedies.**

In addition, Defendants argue that Plaintiff has not plead a valid federal cause of action, because adequate state court remedies were available for Plaintiff to pursue. Due process requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Where adequate state remedies exist, however, no due process violation has occurred. *See Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003) ("Given the availability of state remedies that have not been shown to be inadequate, plaintiffs have no procedural due process claim."). A state post-deprivation remedy is considered adequate unless it can "readily be characterized as inadequate to the point that it is meaningless or nonexistent and, thus, in no way can be said to provide the due process relief guaranteed by the fourteenth amendment." *Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990). Defendants argue that Plaintiff could have pursued remedies in state court for review of the Board's decision, pursuant to either the Illinois Administrative Review Law or a common law writ of certiorari.

Under the Illinois Administrative Review Law, 735 ILCS 5/3-101 (2008), state courts can review a final administrative decision if a complaint requesting such review is filed within 35 days from the date that a copy of the decision sought to be reviewed was served

7

upon the party affected by the decision. 735 ILCS 5/3-103. When reviewing a final administrative decision, the court is limited to the record as developed before the administrative agency. 735 ILCS 5/3-110. "No new or additional evidence in support of or in opposition to any finding, order, determination[,] or decision of the administrative agency shall be heard by the court." *Id.* Plaintiff argues a court does not require exhaustion if the administrative remedy may be inadequate "because of some doubt as to whether the agency was empowered to grant effective relief." *Gibson v. Berryhill*, 411 U.S. 564, 575 n.14 (1973).

Plaintiff asserts that because state courts can only review the administrative record below to determine if the process was defective, and because the law does not allow a party to file a complaint after 35 days of the administrative decision, the administrative remedy under the Illinois Administrative Review Law is inadequate. Plaintiff argues that "the issue with regard to the administrative hearing in front of the Village Board was the fact that it had already made its decision on the discipline of the Plaintiff even before any evidence had been presented." Pl.'s Resp. to Def.'s Obj., ¶ 17. This assertion rests at the heart of Plaintiff's "sham" proceeding claim. The only evidence that Plaintiff has that the hearing was a "sham" consists of the deposition of Trustee Regep taken in January 2008, evidence that was elicited long after the administrative hearing was held. Plaintiff did not learn that the Board had pre-approved that discipline and ordered Chief DuBois to draw up those charges until Trustee Regep's deposition.

8

Because the remedy under the Illinois Administrative Review Law prohibits the introduction of new evidence, it is inadequate for Plaintiff's procedural due process claim. Moreover, Plaintiff could not have filed his claim within the required 35-day period, as Plaintiff did not yet have the evidence to support his claim that the hearing was a "sham." Having discovered this evidence almost two years after the hearing, Plaintiff could not have then brought a complaint requesting review of the Board's decision because the 35-day window in which to do so had long passed.

Even if Plaintiff had a hunch at the time of the hearing that the hearing was a sham, without a scintilla of evidence that something was amiss, Plaintiff feared that if he did file a complaint to seek state court review, he would have been filing a lawsuit without a good faith basis. It is only since Trustee Regep's deposition in January 2008 that he has the evidence to go forward with his claims on a good faith basis. The Court commends Plaintiff's counsel for adhering to his ethical responsibilities and ensuring that the claims he brings are brought in good faith based on evidence.

Defendants also argue that Plaintiff could have filed a writ of *certiorari*. The common law writ of *certiorari* provides an avenue whereby a party who has no means of direct review or appeal may obtain a limited review of an action by a court or other tribunal exercising quasi-judicial functions. *Edelstein v. Cook County,* 2006 WL 1519574 (N.D. Ill. 2006). "The purpose of a writ of *certiorari* is to have the entire record of an inferior tribunal brought before the court to determine, from the record alone, whether the tribunal proceeded according to the applicable law." *Id.* A court reviewing a decision based on a writ of

*certiorari* is restricted to the record. Thus, for the same reasons applicable to the Administrative Review Law, Plaintiff could not have sought an adequate remedy through a writ of *certiorari.* Therefore, the Court does not require Plaintiff to have exhausted such administrative remedies before pursuing his due process claim in federal court. Accordingly, the Court finds Plaintiff's amendment to add Count II is not futile.

### B. UNDUE DELAY AND PREJUDICE

Defendants also argue that Plaintiff's motion for leave to file his second amended complaint is untimely and would be prejudicial to Defendants. Courts have denied leave to amend where discovery has closed and a motion for summary judgment is pending finding that these circumstances constitute undue delay. *Sanders,* 56 F.3d at 774. Undue delay alone may not be sufficient to deny leave to amend but when combined with demonstrated prejudice to the defendant a court may properly deny leave. *Doherty*, 195 F.3d at 927.

With discovery closed and summary judgment motions filed, Plaintiff's request to add a due process violation against Bedford Park comes at a very late stage in the case. The count adding a due process violation injects an entirely new theory into the litigation. *See Murphy v. White Hen Pantry Co.*, 619 F.2d 350, 353 (7th Cir. 1982) (denying leave to amend where a motion was filed after the close of discovery and where motion injected a new theory into the litigation). This new count requires Bedford Park to file an answer, and to possibly conduct additional discovery, further postponing a resolution of this case. The new count would not impact Defendants' pending summary judgment motion, however, as Plaintiff's original theories on his political retaliation claim remain unaffected. Although Defendants

10

will have to address Plaintiff's procedural due process claim, the prejudice Plaintiff would face if he was not allowed to pursue this claim outweighs any additional prejudice caused to Defendants by the addition of Count II. Although Plaintiff brings this new claim at a very late stage in the case, Plaintiff's reasons for doing so are justified. Thus, the Court grants Plaintiff's motion for leave to file Counts I and II of his second amended complaint.

## V. CONCLUSION

Despite the late nature of the request, allowing Plaintiff to include new background allegations in his political retaliation count and to add a new procedural due process claim is not futile and would not prejudice Defendants.  **Accordingly, for the reasons set forth in this opinion, the Court grants Plaintiff's motion for leave to file a second amended complaint as it relates to Counts I and II and strikes proposed Count III because it is withdrawn.**

**SO ORDERED THIS 6th DAY OF MAY, 2008.**

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

| | |
|---|---|
| Kenneth C. Yuen | 1425 W. Schaumburg Road, #302 |
| Yuen Law Offices LLC | Schaumburg, IL 60194 |

Counsel for Plaintiff

Mark Christopher Egan
Mark C. Egan, Esq.
3849 W. 109th Street
Chicago, IL 60655

Counsel for Plaintiff

Jane Marie May
O'Halloran, Kosoff, Geitner & Cook LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062

Counsel for Defendant Bedford Park

Robert Radasevich
Neal, Gerber & Eisenberg
Two North LaSalle Street, Suite 2200
Chicago, IL 60602

Counsel for Defendant Leo J. DuBois