# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND KASAK, ) ) Plaintiff, ) ) v. ) ) VILLAGE OF BEDFORD PARK and ) LEO J. DuBOIS, Individually, ) ) Defendants. ) ) | Case No. 06 C 5119 Magistrate Judge Morton Denlow |

## MEMORANDUM OPINION AND ORDER

Plaintiff Raymond Kasak ("Kasak" or "Plaintiff") filed a two-count second amended complaint against the Village of Bedford Park ("Village") and its Police Chief, Leo J. DuBois ("DuBois") (collectively "Defendants"). This Court previously granted summary judgment in favor of Defendants on Plaintiff's political retaliation claim in count I. *Kasak v. Vill. of Bedford Park*, --- F. Supp. 2d ---, 2008 WL 2350920 (N.D. Ill. June 5, 2008).

Count II raises a claim for a procedural due process violation against the Village. On May 6, 2008, this Court granted Plaintiff leave to file this claim. *Kasak v. Vill. of Bedford Park*, 552 F. Supp. 2d 787 (N.D. Ill. 2008). The Village now moves to dismiss count II contending that the Seventh Circuit's June 11, 2008 decision in *Michalowicz v. Village of Bedford Park*, 528 F.3d 530 (7th Cir. 2008) bars Plaintiff's procedural due process claim. The Court agrees and for the reasons stated below, the Court grants the Village's motion to dismiss count II.

# I. BACKGROUND FACTS

## A. Plaintiff's Demotion.

Plaintiff has been employed by Defendant as a police officer for twenty-three years. Comp. at ¶ 7.[1] Plaintiff was promoted from the rank of Patrol Officer to Sergeant in 1987, and was again elevated in 2001 to the rank of Lieutenant. *Id*. at ¶¶ 8-9. Plaintiff served as supervisor of the Juvenile Division of the Bedford Park Police Department for eighteen years until he was removed on April 30, 2004. *Id*. at ¶ 10.

On January 23, 2006, Chief DuBois brought the following three charges against Plaintiff: (1) failure to maintain records in the Juvenile Division from 2000-2004; (2) improper order to issue parking citations on December 8, 2005; and (3) efforts to cover up failure to respond to Patrol Officer Woods' December 2, 2005 dispatch call. *Id*. at ¶ 11. On February 3, 2006, Chief DuBois held a pre-disciplinary hearing on the three charges. *Id*. at ¶ 26. After hearing testimony from several officers, Chief DuBois withdrew the second and third charges. *Id*. at ¶¶ 27-28. Chief DuBois sustained the first charge for failure to properly maintain records and double demoted Plaintiff from the rank of Lieutenant to Patrol Officer. *Id*. at 29. Plaintiff's double demotion serves as the basis for his suit.

Plaintiff appealed Chief DuBois's decision and requested a full administrative hearing before the Village Board of Trustees ("Village Board"). *Id*. at ¶ 20. In March 2006, the Village Board held an administrative hearing regarding Plaintiff's appeal and upheld the double demotion. *Id*. at ¶¶ 31, 93.

---

[1]Comp. refers to allegations contained in Plaintiff's second amended complaint.

**B.     The Litigation.**

On September 21, 2006, Plaintiff filed his original complaint ("Original Complaint"). Dkt. 1. Plaintiff's Original Complaint asserted three retaliation counts against the Village and Chief DuBois for: (1) union-related speech and activity; (2) politically related speech and association; and (3) exercise of freedom of speech.

Plaintiff filed a first amended complaint on June 8, 2007, which contained the same counts alleged in the Original Complaint. Dkt. 49. Defendants moved to dismiss counts I and III, and filed answers to count II. On September 18, 2007, the Court dismissed counts I and III, leaving only count II for retaliation against political speech and association. *Kasak v. Vill. of Bedford Park*, 514 F. Supp. 2d 1071 (N.D. Ill. 2007).

The Court set a discovery cut-off date of December 31, 2007. The parties substantially complied, with the exception of Village Board Trustee Robert Regep's ("Regep") deposition, which was taken in early January 2008. During his deposition, Regep revealed for the first time that the Village Board decided to double demote Plaintiff well in advance of the administrative hearing before the Village Board. Compl. at ¶¶ 86-88, 92. The Village Board directed Chief DuBois to draw up the charges against Plaintiff which were then presented to the Village Board for hearing. *Id*. at ¶ 88.

On February 18, 2008, Plaintiff moved to file his second amended complaint to add a new count for procedural due process (count II). Dkt. 79. The following day, Defendants filed motions for summary judgment on the political retaliation count and objections to Plaintiff's motion for leave to file the second amended complaint. Dkt. 90. On May 6, 2008,

3

the Court granted Plaintiff leave to file the second amended complaint. *Kasak v. Vill. Of Bedford Park*, 552 F. Supp. 2d. 787 (N.D. Ill. 2008).

Defendant now moves to dismiss Count II of Plaintiff's second amended complaint for failure to state a claim upon which relief can be granted. Oral argument was held on August 4, 2008.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), to survive a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what that ... claim is and the grounds upon which it rests.'" Concentra, 496 F.3d at 776 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. ---, --- 127 S.Ct. 1955, 1964 (2007)). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Twombly*, 127 S.Ct at 1964-65. Additionally, the complaint "must plausibly suggest that the plaintiff has a right to relief [by providing allegations that raise a right to relief] above a 'speculative level.'" *Concentra*, 496 F.3d at 776 (quoting *Twombly*, 127 S.Ct. at 1965). If the allegations do not suggest such a right to relief, "the plaintiff pleads itself out of court." *Id*. When ruling on a motion to dismiss, the Court takes "as true all well-pleaded factual allegations in the complaint and make[s] all plausible

inferences from those allegations in the plaintiffs' favor." *Levy v. Pappas*, 510 F.3d 755, 764 (7th Cir. 2007).

### III. DISCUSSION

The Village now seeks to dismiss count II of Plaintiff's second amended complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. "To state a procedural due process claim, Plaintiff must allege: (1) deprivation of a protected interest; and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). However, the relevant constitutional question is not whether sufficient protections were afforded, but whether sufficient state law protections exist. *Id*.

Due process of law primarily requires a fair proceeding with procedural safeguards which require proper notice and an opportunity to be heard. *Ciechon v. City of Chicago*, 686 F.2d 511, 517 (7th Cir. 1982). Due process is a flexible concept that varies with the particular situation. *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th 1996). The primary demand of due process is the opportunity to be heard at a meaningful time in a meaningful manner. *Id*. Accordingly, "due process requires that a hearing . . . 'be a real one, not a sham or a pretense.'" *Ciechon,* 686 F.2d at 517 (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 164 (1951)).

Plaintiff alleges, and the Village does not dispute, that Plaintiff has a protected interest in maintaining his rank as Lieutenant. The parties argue over whether the Village Board's hearing violated Plaintiff's fourteenth amendment right to due process. Plaintiff alleges the

5

Village Board approved Plaintiff's double demotion well before the hearing, thus rendering the hearing a sham in violation of due process. Comp. ¶¶ 92-97. The Village contends that Plaintiff's arguments are similar to the arguments rejected by the Seventh Circuit in *Michalowicz*.

In *Michalowicz*, the plaintiff was a veteran firefighter who was terminated by the Village for accepting donations from businesses subject to fire inspection and allegedly failing to adequately inspect their properties. *Michalowicz,* 528 F.3d at 533. He filed an action under 42 U.S.C. § 1983 alleging two due process violations: (1) that his pre-termination hearing was inadequate; and (2) that his post-termination hearing was inadequate because it was held before the same biased Village Board as his pre-termination hearing. *Id.*

The Seventh Circuit affirmed the district court's dismissal of the plaintiff's complaint because it found the Illinois Administrative Review Act ("the Act"), 735 Ill. Comp. Stat. 5/3-101 et seq., provided sufficient remedies for the alleged violations. *Id.* at 535-36. The reasoning applies equally to the case at bar. Kasak asserts that the Act does not permit courts to take new evidence outside the administrative record and that the Village Board hearing was a sham because it was too biased against him. In *Michalowicz*, the Seventh Circuit held that these errors "may be remedied by state-court review" under the Act. *Id.* at 535. Because the Act permits the court to remand for additional fact-finding, if necessary, and to remand for a de novo post-termination hearing in front of an unbiased adjudicator, the Act provides adequate remedies. *Id.* at 536. As a result, Plaintiff's claim does not state a due process claim.

Kasak contends he did not discover the Village Board hearing was a sham until taking Regep's deposition in January, 2008. The Village contends, however, that Kasak asserted a nearly identical claim of pre-judgment by the Village Board when he filed his Original Complaint. Plaintiff alleged the following in his Original Complaint:

> 73. Prior to the administrative hearing concerning Raymond Kasak, the Board of Trustees for Bedford Park held an executive meeting concerning the Kasak matter and decided to rubber-stamp the decision of Chief DuBois before they had heard any evidence from Kasak.
>
> 74. In essence, the Board of Trustees for Bedford Park had delegated the authority to set policy for employment/disciplinary actions and/or ratified the policymaking authority for employment/disciplinary actions for Police Department personnel to Chief DuBois.
>
> 75. While an administrative hearing was eventually held on Charge #1 with regard to the maintenance of the records, the Board of Trustees had already decided to defer judgment to Chief DuBois, the final policymaker, as to the outcome on Raymond Kasak's matter.

Dkt. 1. In addition, Plaintiff's counsel acknowledged during oral argument that Plaintiff always believed the hearing before the Village Board was a sham because the Village Board always supported Chief DuBois' disciplinary action. Plaintiff could have raised these claims in state court where a remedy was available. While Plaintiff's counsel may have been cautious about raising this particular claim for a sham proceeding before having sufficient evidence, he certainly had enough grounds to allege that there was some sort of sham going on.

Plaintiff relies upon *Levenstein v. Salafsky*, 164 F.3d 345 (7th Cir. 1998); *Ryan v. Illinois Department of Children and Family Services*, 185 F.3d 751 (7th Cir. 1999); and

*Ciechon v. City of Chicago*, 686 F.2d 511 (7th Cir. 1982) for the proposition that allegations of sham proceedings are sufficient to survive a motion to dismiss. These cases are distinguishable because none of these cases addresses the issue of whether adequate administrative review was available in state court. Because adequate review in state court was available to Kasak, his due process claim fails. *Michalowicz*, 528 F.3d at 538.

## IV. CONCLUSION

Plaintiff's due process claim is barred by the recent Seventh Circuit decision in *Michalowicz v. Village of Bedford Park*, 528 F.3d 530 (7th Cir. 2008). Because sufficient state court protections were available to Plaintiff, **the Court grants the Village's motion to dismiss count II of Plaintiff's second amended complaint for failure to state a claim for procedural due process.**

**SO ORDERED THIS 14th DAY OF AUGUST, 2008.**

_____
**MORTON DENLOW**
**United States Magistrate Judge**

**Copies sent to:**

Mark C. Egan
3849 West 109th Street
Chicago, IL 60655

Kenneth C. Yuen
1425 West Schaumburg Road
Suite 302

Jane M. May
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road
Suite 475
Northbrook, IL 60062

**Counsel for Defendant Bedford Park**

Schaumburg, IL 60194

**Counsel for Plaintiff**

Robert Radasevich
Neal, Gerber & Eisenberg
Two North LaSalle Street
Suite 2200
Chicago, IL 60602

**Counsel for Defendant Leo J. DuBois**